UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DEBRA D. BOOKOUT | |
| Plaintiff, | CASE NO.: 1:20-cv-03383 |
| -v- | JUDGE: |
| THE BUREAUS, INC. | COMPLAINT |
| Defendant. | Jury Demand Endorsed Hereon |

Plaintiff, Debra D. Bookout, for her Complaint against The Bureaus, Inc. ("Defendant"), states as follows:

### Nature of the Action

1. Plaintiff brings this action seeking damages pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA"), and the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/10a ("ICFA"), for Defendant's unlawful collection practices as more fully described in this Complaint, *infra*.

### Jurisdiction and Venue

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is therefore conferred upon this Court by 15 U.S.C § 1692k and 28 U.S.C. §§ 1331, 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendant's principal place of business is located within the Northern District of Illinois, Defendant transacts business within the Northern District of Illinois and the events and/or omissions giving rise to the claims made in this Complaint occurred within the Northern District of Illinois.

PARTIES

4. Plaintiff, Debra D. Bookout ("Ms. Bookout"), is a natural adult person currently residing in Chantilly, Virginia, and is a "consumer" as that term is defined by § 1692a(3) of the FDCPA.

5. Ms. Bookout is a "person" as that term is defined and/or used within the ICFA.

6. Defendant, The Bureaus, Inc., is an Illinois corporation in the business of collecting consumer debts on behalf of others within the State of Illinois and throughout the United States. As such, Defendant regularly uses the mails and/or telephone to collect, or attempt to collect, delinquent consumer accounts.

7. On its website and within its communications to consumers, Defendant identifies itself as a "debt collector" attempting to collect a "debt."

8. Defendant is a "debt collector" as that term is defined by § 1692a(6) of the FDCPA.

9. Defendant is a "person" as that term is defined and/or used within the ICFA.

FACTS SUPPORTING CAUSES OF ACTION

10. As Ms. Bookout was reviewing of her credit reports, she discovered an entry bearing Defendant's name that was reporting in an active collection status a delinquent consumer credit card debt in the amount of $640 originally incurred to *Capital One* (the "Subject Debt"). Relevant pages from Ms. Bookout's Trans Union credit report, dated December 30, 2019, are attached to this Complaint as Exhibit A.

11. Ms. Bookout also discovered that Defendant had updated its furnishing of the Subject Debt to Trans Union as recently as December 21, 2019. *See* Exhibit A.

12. Ms. Bookout's Trans Union credit report also reflected that the Subject Debt would remain on her credit record until February 2020. *See* Exhibit A. Upon information and belief, as a collection account remains on a consumer report for seven (7) years starting from the date of first

delinquency of the underlying debt, the Subject Debt fell into delinquency beginning in or around February 2013. *See* Exhibit A; *see also* 15 U.S.C. § 1681c.

13. Ms. Bookout did not recognize the Subject Debt as belonging to her.

14. On or around December 30, 2019, Ms. Bookout accessed Defendant's website to ascertain additional information concerning the Subject Debt appearing on her credit report.

15. Defendant attempted to collect the Subject Debt from Ms. Bookout during her accessing of Defendant's website by, *inter alia*: (i) stating "Make a payment today"; (ii) stating "A minimum payment of $1.00 is required"; and (iii) providing a platform for her to make an online payment towards the balance of the Subject Debt in an amount of at least $1.00.

16. The applicable statute of limitations for the Subject Debt states, in relevant part:

> Subject to the provisions of § 8.01-243 regarding injuries to person and property and of § 8.01-245 regarding the application of limitations to fiduciaries, and their bonds, actions founded upon a contract, other than actions on a judgment or decree, shall be brought within the following number of years next after the cause of action shall have accrued: (2) In actions on any contract that is not otherwise specified and that is in writing and signed by the party to be charged thereby, or by his agent, within five years whether such writing be under seal or not; (4) In actions upon (i) any contract that is not otherwise specified and that is in writing and not signed by the party to be charged, or by his agent, or (ii) any unwritten contract, express or implied, within three years.

*See* Va. Code §§ 8.01-246(2), (4).

17. Thus, given the applicable three (3) or five (5) year Virginia statute of limitations and the fact that the Subject Debt fell into delinquency beginning in or around February 2013, as of December 30, 2019, the date Ms. Bookout accessed her credit reports and Defendant's website, the Subject Debt was a time-barred debt, *i.e.*, it fell outside the applicable statute of limitations.

3

18. Despite the time-barred status of the Subject Debt, at no point during Ms. Bookout's accessing of Defendant's website did Defendant disclose or explain to Ms. Bookout that the Subject Debt was time-barred and/or that Defendant could not sue her to collect it.

19. Despite the time-barred status of the Subject Debt, at no point during Ms. Bookout's accessing of Defendant's website did Defendant disclose or explain to Ms. Bookout that by paying, or even just agreeing to pay, any portion of the Subject Debt, or merely acknowledging the Subject Debt as valid, it could have the effect of resetting the applicable statute of limitations as to the entire balance of the Subject Debt, potentially subjecting Ms. Bookout to further legal liability.

20. As of December 30, 2019, the Subject Debt was reporting as past due on Ms. Bookout's credit report in an active collection status, having last been updated by Defendant on December 21, 2019. *See* Exhibit A.

21. After a reasonable time to conduct discovery, Ms. Bookout believes she can prove that all actions taken by Defendant as described in this Complaint, *supra*, were taken willfully and/or with knowledge that its actions were taken in violation of the law.

## DAMAGES

22. In conjunction with Defendant's negative credit reporting of the Subject Debt, Ms. Bookout was misled by Defendant's statements and representations directed to her via Defendant's website.

23. Ms. Bookout justifiably fears that, absent this Court's intervention, Defendant will continue to attempt to collect the Subject Debt from her using abusive, deceptive and unlawful means, and ultimately cause her unwarranted financial harm.

24. Due to Defendant's conduct, Ms. Bookout was forced to hire counsel and her damages therefore include reasonable attorneys' fees incurred in prosecuting this action.

25. Due to Defendant's conduct, Ms. Bookout is entitled to statutory damages, punitive damages and all other appropriate measures to punish and deter Defendant and other debt collection agencies from engaging in the unlawful collection practices described in this Complaint.

GROUNDS FOR RELIEF

<u>COUNT I</u>
<u>VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT</u>
<u>15 U.S.C. §§ 1692e, e(2)(A), e(10) and f</u>

26. All prior paragraphs are incorporated into this count by reference.

27. The FDCPA states, in relevant part:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: (2) The false representation of -- (A) the character, amount, or legal status of any debt; (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. 15 U.S.C. §§ 1692e, e(2)(A) and e(10).
>
> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. 15 U.S.C. § 1692f.

28. Defendant violated 15 U.S.C. §§ 1692e, e(2)(A), e(10) and f through its representations and/or omissions directed to Plaintiff via its website by attempting to collect the Subject Debt despite omitting the disclosure of material information to Plaintiff regarding the Subject Debt's time-barred status and/or the potential legal consequences of Plaintiff paying, or agreeing to pay, upon the subject time-barred debt.

29. Defendant knew, or should have known, that the Subject Debt was time-barred, yet failed to provide any disclosure of same – and/or the legal implications of same – to Plaintiff.

30. Such representations and/or omissions served only to confuse and intimidate Plaintiff in the hopes that she waived her rights and affirmative defenses under the law by making a payment.

31. Plaintiff was unable to adequately determine the character and legal status of the Subject Debt based upon Defendant's representations and/or omissions direct to her via its website, and was likewise unable to adequately determine the potential legal consequences of making, or arranging to make, a payment on the Subject Debt.

32. As an experienced debt collector, Defendant knows that its representations to consumers concerning the legal status of an alleged debt owed, and the consumer's rights under the FDCPA and/or the applicable statute of limitations, are required to be true, complete and accurate, especially when Defendant is attempting to collect a time-barred debt.

33. Defendant had an obligation to accurately alert Plaintiff as to her rights with respect to the subject time-barred debt, but skirted this obligation with deceptive and misleading representations and/or omissions.

34. As set forth in paragraphs 22 through 25, *supra*, Plaintiff has been harmed as a result of Defendant's unlawful collection practices as described in this Complaint.

<u>COUNT II</u>
<u>VIOLATIONS OF THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT</u>
*815 ILCS § 505/2*

35. All prior paragraphs are incorporated into this count by reference.

36. Defendant's collection activity in connection with the Subject Debt constitutes "conduct of any trade or commerce" as that phrase is defined and/or used within the ICFA.

37. The ICFA states, in relevant part:

> Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby. 815 ILCS § 505/2.

6

> Any person who suffers actual damage as a result of a violation of this Act committed by any other person may bring an action against such person. The court, in its discretion may award actual economic damages or any other relief which the court deems proper. 815 ILCS § 505/10a.

38. Defendant violated the ICFA, namely 815 ILCS § 505/2, by engaging in unfair, abusive, and deceptive conduct in its transactions with Plaintiff by, *inter alia*, attempting to collect the Subject Debt – through its credit reporting activity and then via its website payment portal – despite omitting any disclosure whatsoever to Plaintiff concerning the time-barred status of the Subject Debt, namely, that Plaintiff could no longer be sued in connection with the Subject Debt and/or that any payment she made toward the Subject Debt, or even arranging to pay, could reset the applicable statute of limitations as to the entire balance of the Subject Debt.

39. Defendant knew, or should have known, that the Subject Debt was time-barred, yet failed to provide any disclosure of same – and/or the legal implications of same – to Plaintiff.

40. Defendant intended that Plaintiff rely on its misrepresentations and/or omissions in order to procure immediate payment of the Subject Debt and/or prevent Plaintiff from exercising her legal rights.

41. As set forth in paragraphs 22 through 25, *supra*, Plaintiff has been harmed as a result of Defendant's unlawful collection practices as described in this Complaint.

42. As such, Plaintiff is entitled to relief pursuant to 815 ILCS § 505/10a.

43. Defendant's actions as set forth in this Complaint, *supra*, were malicious, willful and/or undertaken with such reckless disregard of Plaintiff's rights that malice may be inferred, subjecting Defendant to liability for punitive damages under the ICFA in such an amount to be proved at trial.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Debra D. Bookout, respectfully requests that this Court enter judgment in her favor as follows:

A. Awarding Plaintiff actual damages, in such amounts as determined by the jury, as provided under 15 U.S.C. § 1692k and 815 ILCS § 505/10a;

B. Awarding Plaintiff statutory damages in the amount of $1,000.00, as provided under 15 U.S.C. § 1692k(a)(2)(A);

C. Awarding Plaintiff punitive damages, in such an amount as determined by the jury, as provided under 815 ILCS § 505/10a;

D. Awarding Plaintiff the costs of this action and reasonable attorneys' fees, as provided under 15 U.S.C. § 1692k(a)(3) and 815 ILCS § 505/10a; and

E. Awarding Plaintiff such other and further relief as may be just and proper.

DATED this 9th day of June, 2020.                    Respectfully Submitted,

　　　　　　　　　　　　　　　　　　　　　　　　　  /s/ Geoff B. McCarrell
　　　　　　　　　　　　　　　　　　　　　　　　　Geoff B. McCarrell #0086427
　　　　　　　　　　　　　　　　　　　　　　　　　David S. Klain #0066305
　　　　　　　　　　　　　　　　　　　　　　　　　CONSUMER LAW PARTNERS, LLC
　　　　　　　　　　　　　　　　　　　　　　　　　333 N. Michigan Ave., Suite 1300
　　　　　　　　　　　　　　　　　　　　　　　　　Chicago, Illinois 60601
　　　　　　　　　　　　　　　　　　　　　　　　　(267) 422-1000 (phone)
　　　　　　　　　　　　　　　　　　　　　　　　　(267) 422-2000 (fax)
　　　　　　　　　　　　　　　　　　　　　　　　　geoff.m@consumerlawpartners.com

　　　　　　　　　　　　　　　　　　　　　　　　　*Attorneys for Plaintiff, Debra D. Bookout*

JURY DEMAND

Pursuant to FED. R. CIV. P. 38(b), Plaintiff demands a trial to a jury on all issues of fact.

　　　　　　　　　　　　　　　　　　　　　　　　　  /s/ Geoff B. McCarrell
　　　　　　　　　　　　　　　　　　　　　　　　　Geoff B. McCarrell #0086427
　　　　　　　　　　　　　　　　　　　　　　　　　CONSUMER LAW PARTNERS, LLC

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF VIRGINIA )
) ss
COUNTY OF FAIRFAX )

Pursuant to 28 U.S.C. § 1746, Plaintiff, Debra D. Bookout, having first been duly sworn and upon oath, verifies, certifies, and declares as follows:

1. I am the Plaintiff in this civil proceeding.

2. I have read the above-entitled Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this Complaint is not interposed for any improper purpose, such as to harass Defendant, cause unnecessary delay to Defendant, or create a needless increase in the cost of litigation to Defendant.

5. I have filed this Complaint in good faith and solely for the purposes set forth in it.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 6/4/2020.

DocuSigned by:

_____
Signature